UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RAYMOND CARR,

                Plaintiff,

           -v-

SOCIAL SECURITY OFFICE,

                Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**

20-CV-01114 (AMD) (LB)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAR 18 2020 ★

BROOKLYN OFFICE

ANN M. DONNELLY, United States District Judge:

The plaintiff brings this *pro se* civil rights action against the Social Security office located on Montague Street in Brooklyn, New York, claiming that he was harassed and attacked when he tried to apply for a social security card. (ECF No. 1.) The plaintiff's request to proceed *in forma pauperis* is granted solely for purposes of this Order. (ECF No. 2.) The action is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), with leave to replead as set forth below.

**STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

1

A *pro se* complaint is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quotation and citation omitted).

## DISCUSSION

The plaintiff says he went to the Montague Street Social Security office on January 27, 2019 to obtain a copy of his social security card. (ECF No. 1 at 4-5.) He says he was eating breakfast in the office when he was pepper sprayed and attacked. (*Id.*) He asks for thirty-five million dollars in monetary damages (*id.* at 5), and asks if he can receive some of this money "up front." (ECF No. 4.)

I construe the plaintiff's complaint as an action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* governs violations by persons acting under color of federal law and is analogous to 42 U.S.C. § 1983, which governs actions against persons acting under color of state law. *See Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) ("[F]ederal courts have typically incorporated § 1983 law into *Bivens* actions."); *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) ("A plaintiff bringing a claim under *Bivens*

must allege that he has been deprived of a constitutional right by a federal agent acting under color of federal authority.").

The plaintiff's claims against the Social Security office are precluded. A *Bivens* claim against a federal agency is essentially a suit against the United States, and *Bivens* actions against the United States are barred under the doctrine of sovereign immunity. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994); *see also Moore v. Soc. Sec. Off.*, No. 17-CV-7114, 2017 WL 6463009, at *1 (E.D.N.Y. Dec. 15, 2017) (sovereign immunity barred claims against Social Security office); *Gault v. Soc. Sec. Administration*, No. 17-CV-703, 2017 WL 1655192, at *2 (E.D.N.Y. May 2, 2017) (same). If the plaintiff wants to bring *Bivens* claims against the people who allegedly attack him, he must allege facts showing each person's direct and personal involvement in the alleged constitutional deprivation. *See Arar v. Ashcroft*, 585 F.3d 559, 569 (2d Cir. 2009) ("a plaintiff in a *Bivens* action is required to allege facts . . . that the defendants were personally involved in the claimed constitutional violation."); *Purcell v. Dasalva*, No. 19-CV-1695, 2019 WL 1331626, at *2 (S.D.N.Y. Mar. 25, 2019) (same). The plaintiff does not name or identify any of the people who allegedly attacked and harassed him.

## CONCLUSION

Accordingly, the complaint filed, *in forma pauperis*, is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court grants the plaintiff leave to file an amended complaint within thirty days of this Order. All proceedings are stayed for thirty days or until further order of the Court and no summons will be issued at this time. If the plaintiff does not file an amended complaint within the time allowed or show good cause why he cannot comply, the Clerk of Court is respectfully directed to enter judgment and close this case.

If the plaintiff chooses to file an amended complaint, he must name as defendants anyone who had personal involvement in the action he alleges in the amended complaint. *See Iqbal*, 556

U.S. at 676. If the plaintiff wishes to bring claims against a defendant and does not know the defendant's name, he may identify each of them as John or Jane Doe. In the statement of claim, the plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. To the extent possible, the plaintiff's amended complaint must allege what each defendant did or failed to do, give the date and time and location of the relevant event, and describe how each defendant's acts or omissions violated his rights. The plaintiff is encouraged to contact the City Bar Justice Center Federal Pro Se Legal Assistance Project for free limited scope legal assistance.[1]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
March 18, 2020

---

[1] The Clerk of the Court will mail a copy of the Pro Se Legal Assistance Project flyer attached to this Order to the plaintiff.



# The Federal Pro Se Legal Assistance Project at the Brooklyn Federal Courthouse

The Federal Pro Se Legal Assistance Project is a free service offered by the City Bar Justice Center of the New York City Bar Association. The Legal Assistance Project provides information, advice, and limited-scope legal assistance to people proceeding pro se (without lawyers) in federal civil cases in the Eastern District of New York. The Legal Assistance Project is part of the City Bar Justice Center (CBJC) and the Project's attorney works for the CBJC. The Project is not part of the United States District Court.

## Services We Can Provide
The Legal Assistance Project attorney can explain court procedures and rules involved in your case, give you information about legal rights and responsibilities, provide limited-scope legal advice, and help you prepare some of your court papers. The Legal Assistance Project attorney can also make referrals to legal, government and social services. Limited scope means that even though the Legal Assistance Project attorney may provide information, advice and some legal help, she will not be the lawyer representing you on your case. You will still be acting as your own lawyer unless you obtain a lawyer later.

## Who Can Use Our Services?
Anyone who cannot afford a lawyer and is representing himself/herself as a plaintiff or a defendant in a civil case in the U.S. District Court for the Eastern District of New York, or who is preparing to file a case in this district may use our services. If you already have a lawyer representing you, or if you can afford to hire a lawyer, this service is not available to you.

## Appointments and Hours
The Legal Assistance Project attorney can meet with you by appointment. Our office is located on the ground floor of the United States courthouse at 225 Cadman Plaza East, Brooklyn, NY, Room N-108.

Appointments are available Mondays through Thursdays.

### How to make an appointment
You can make an appointment by calling 212-382-4729 or by signing up on the appointment list in the waiting area of the CBJC Legal Assistance Project office.